## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

WILLIE QUARTERMAN,

      Plaintiff,

     v.

ROBERT DANFORTH, ROBERT TOOL, and
TYRONE OLIVER,

      Defendants.

CIVIL ACTION NO.: 5:23-cv-102

## O R D E R

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Doc. 1.  This matter
is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated
below, I **DISMISS** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE**
this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed
*in forma pauperis* on appeal.[1]

### PLAINTIFF'S CLAIMS[2]

Plaintiff is a parole violator confined at Coffee Correctional Facility ("CCF").  Doc. 1 at
4.  Plaintiff's claims arise from a parole revocation waiver.  Plaintiff and his parole officer signed
an agreement for Plaintiff to serve 6 to 12 months.  Id. at 5.  However, Defendants arranged to
have Plaintiff imprisoned at CCF for three years, in breach of Plaintiff's parole revocation

---

[1]     Plaintiff has consented to the undersigned's plenary review.  Doc. 5.

[2]     All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity
review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true."
Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

waiver agreement.  Id.  Specifically, Defendant Tool, the chairman of the Georgia State Board of

Pardons & Parole, sent Defendant Oliver, the Commissioner of the Georgia Department of

Corrections, a contract to imprison Plaintiff for three years.  Id.  Defendant Danforth, the warden

at CCF, agreed to house Plaintiff at CCF beyond the terms to which Plaintiff agreed.  Defendants

were shown evidence of Plaintiff's agreement to serve 6 to 12 months but decided to hold

Plaintiff for 3 years anyway.  Id.  Plaintiff seeks a reversion to the release date he agreed to,

immediate release, and monetary damages.  Id.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by

prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During

the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C.

§ 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the

complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or

which seeks monetary relief from a defendant who is immune from such relief.  Id.  The

pleadings of unrepresented parties are held to a less stringent standard than those drafted by

attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520

(1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural

rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law

or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006).  In order to state a claim

upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a

complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

### I.      Plaintiff's Claims for Injunctive Relief

Plaintiff seeks release from prison because his confinement in unconstitutional. However, a "prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'"  Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)); see also Johnson v. Chisholm, No. 4:09-cv-143, 2009 WL 3481904, at *1 (S.D. Ga. Oct. 28, 2009) (explaining a pretrial detainee seeking preliminary and permanent injunctions of his state criminal proceedings, dismissal of his state charges, and immediate release failed to advance a cognizable claim under § 1983 because his sole remedy was to file a habeas petition under 28 U.S.C. § 2241).  To the extent Plaintiff is challenging the fact and duration of his confinement and is seeking release from that confinement, he is requesting habeas corpus relief.

As for the proper form of habeas relief, "for those imprisoned pursuant to a State court judgment, we held that the habeas corpus remedy is authorized by § 2241, but also subject to § 2254 and all of its attendant restrictions."  Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004).  Accordingly, to the extent Plaintiff seeks injunctive relief to release him from state custody, this portion of Plaintiff's filing should be construed as a § 2241 habeas corpus petition rather than a § 1983 complaint.  Before bringing a federal habeas action, a plaintiff is required to fully exhaust state remedies.  Wilkinson, 544 U.S. at 79 (citing Preiser, 411 U.S. at 486).  Here, there is no indication Plaintiff has fully exhausted his state remedies, and he has not satisfied a

necessary prerequisite for filing a federal habeas petition.  Therefore, I **DISMISS** Plaintiff's claims for injunctive relief.

## II.      Plaintiff's Claims for Monetary Relief

Plaintiff requests monetary damages arising from his unconstitutional confinement. Doc. 1 at 8.  In order to bring a § 1983 action for damages which "challenge[s] the validity of [an] outstanding criminal judgment[]," a plaintiff must first "prove the unlawfulness of his confinement or conviction."  Heck v. Humphrey, 512 U.S. 477, 486 (1994).  To show an unlawful conviction or confinement, the plaintiff must demonstrate "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ."  Id. at 486–87.  If "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," and the sentence has not already been invalidated, the court must dismiss the complaint.  Id. at 487 ("A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.").  Conversely, "as long as it is possible that a § 1983 suit would not negate the underlying conviction, then the suit is not Heck-barred."  Dyer v. Lee, 488 F.3d 876, 879–80 (11th Cir. 2007).

Plaintiff alleges Defendants imprisoned him beyond the terms he agreed to in a parole revocation waiver.  However, Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Heck, 512 U.S. at 487.  To award Plaintiff damages for unlawful imprisonment would necessarily imply his sentence is invalid.  Thus, to the extent Plaintiff's claim is based on

improper imprisonment resulting from the breach of an agreement, it is not actionable in a

§ 1983 suit.  Accordingly, I **DISMISS** Plaintiff's claims for monetary relief.

## CONCLUSION

For the foregoing reasons, I **DISMISS** Plaintiff's Complaint in its entirety, **DIRECT** the

Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY**

Plaintiff leave to proceed *in forma pauperis* on appeal.

**SO ORDERED**, this 4th day of September, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA